UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSE N. VALDEZ | CIVIL ACTION |
| VERSUS | NO: 04-1124 |
| LABORDE MARINE LIFTS, INC., ET AL. | SECTION: "K"(3) |

## ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Rec.Doc.No. 105) filed by Defendant BP America Production Company ("BP America"),[1] wherein Defendant alleges that it should be dismissed from this proceeding because it had no "responsibility or liability herein for any alleged negligence or alleged unseaworthy condition of that [M/V LAB LIFT II]."[2] Specifically, Defendant argues that its "company man" had no operational control over the M/V LAB LIFT II and, therefore, is not liable for the alleged unseaworthy condition that caused Plaintiff's injuries.

---

[1] Although the instant motion was filed untimely, the Court, in the interest of justice and judicial economy, makes exception to its Scheduling Order and considers the merits of the motion herein.

[2] *See* Mot. Summ. J. at 5 (Rec.Doc.No. 105).

Plaintiff was injured while aboard the M/V LAB LIFT II, which was a vessel tied to a production platform owned by Defendant BP America. On March 11, 2004, Mr. Valdez was injured while stepping out of a hatch door on the top side of the vessel's deck when his foot slipped on an unsecured mat. The principal allegation of negligence is that the distance from the hatch door to the platform was unsafe and a step should have been placed there.

The question before the Court is whether there exists a genuine issue of material fact as to whether Defendant's companyman had operational control over M/V LAB LIFT II.[3] "The inquiry under the operational control exception is whether the principal has reserved the *right* to control the work in question." *Haynie v. Dynamic Offshore, Inc.*, 1991 WL 33615, at *4 (E.D. La. Mar. 7, 1991)(emphasis in original); *Boutwell v. Chevron, U.S.A., Inc.*, 864 F.2d 406, 407 (5th Cir. 1989). "In applying the operational control test, the right to exercise supervision and control is the overriding factor, not the supervision and control actually exercised." *Haynie*, 1991 WL 33615 at *4 (citing *Hickman v. Southern Pac. Transp. Co.*, No. 51386 (La. 6/5/72); 262 So.2d 385).

The Court finds that BP America was a principal that hired Laborde Marine Lifts, Inc., the owner/operator of the M/V LAB LIFT II, as an independent contractor. Moreover, the Court finds that BP America's companyman had no operational authority or control over the M/V LAB LIFT II. Plaintiff argues that BP America's companyman conducted safety meetings aboard the vessel and, therefore, should be responsible for its unseaworthiness. However, Plaintiff

---

[3] Generally, a principal cannot be liable from negligent acts of an independent contractor unless the liability arises from ultrahazardous activities performed by the contractor on behalf of the principal or the principal retains operational control over the contractor's acts or expressly or impliedly authorizes those acts. *Coulter v. Texaco, Inc.*, 117 F.3d 909 (5th Cir. 1997)

introduces no evidence suggesting Defendant's companyman had any operational control or responsibility with respect to the condition of the vessel. That is, Plaintiff has not created a genuine dispute of material fact as to whether Defendant's companyman had any authority to order rectification of any unseaworthy condition of the M/V LAB LIFT II. In his deposition Plaintiff admitted that as captain he was responsible for the safety of the vessel. Moreover, the companyman filed an affidavit which stated that had no supervisory authority over the crew of the vessel, that he was merely responsible for overall coordination of work being performed by contractors and that the "captain of the M/V LAB LIFT II was responsible for ensuring that the M/V LAB LIFE II's equipment and apportenances were in safe order."[4] Therefore, the Court finds that Defendant is entitled to summary judgment and dismissal from this proceeding. Accordingly,

**IT IS ORDERED** that Defendant BP America's Motion for Summary Judgment (Rec.Doc.No. 105) is **GRANTED** and Defendant is hereby **DISMISSED** from this action.

New Orleans, Louisiana, on this 27th day of August, 2007.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**

---

[4] *See* Mot. Summ. J., Exhibit 3 (Rec.Doc.No 105).